UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK, a Texas banking association, successor in interest by merger to Comerica Bank, a Michigan banking corporation,

        Plaintiff,

v.

OAKLAND RESTORATION SERVICES, LLC, a Michigan limited liability company, GEORGIA EVANS, LLC, a Georgia limited liability company, GEORGIA CIH, LLC, a Georgia limited liability company, CHECKER RESTORATION SERVICES, L.L.C., an Ohio limited liability company, CIH REAL ESTATE HOLDINGS, LLC, a Michigan limited liability company, WESCH CLEANERS, INC., a Michigan corporation, CIH UNITED, INC., a Michigan corporation, CRAIG I. HECKER, a Michigan resident, CIH RENTAL I, LLC, a Michigan limited liability company, CIH RENTAL, II, LLC, a Michigan limited liability company, CIH RENTAL III, a Michigan limited liability company, the CRAIG I. HECKER REVOCABLE LIVING TRUST u/a/d 9/11/2001, as amended and restated, and MARY HARRISON AND CARL D. HECKER, as co-trustees of defendant the HERBERT L. HARRISON TRUST, u/a/d March 31, 1990, and UNITED GARMENT RESTORATION MANAGEMENT, LLC, a Michigan limited liability company,

        Defendants.
_____/

Case No. 2:08-cv-13583
Hon. Patrick J. Duggan
Magistrate Judge R. Steven Whalen

## ORDER APPOINTING RECEIVER, GRANTING IMMEDATE POSSESSION, AND GRANTING PRELIMINARY INJUNCTION

       This Court having reviewed Comerica Bank's motion for appointment of a receiver and for immediate possession and a preliminary injunction, having considered the arguments of counsel at a hearing held on September 4, 2008, and for the reasons stated on the record, and this

Court being otherwise duly advised in the premises,

IT IS ORDERED THAT:

1. Conway, MacKenzie, & Dunleavy (hereinafter "Receiver") is appointed as the Receiver of the real and personal property on which plaintiff holds mortgages and/or has a security interest and which is more fully described in the **Mortgages** and **Security Agreements**, copies of which are attached to plaintiff's verified complaint in this matter and incorporated in this Order by reference. The property described immediately above is referenced in this Order as the **Mortgaged Property** and **Collateral** and includes all of the following:

    (i) Certain real property located in Oakland County, Michigan, and Coweta County, Georgia, as described in plaintiff's verified complaint, together with all buildings, structures and improvements on the Mortgaged Property;

    (ii) All fixtures of every kind or nature located in or upon or attached to, or used or intended to be used in connection with the operation of the **Mortgaged Property** and any buildings, structures or improvements thereon;

    (iii) All of the **Collateral** and assets, as described in the **Security Agreements** and **Mortgages** attached to plaintiff's verified complaint including, but not limited to, all machinery, apparatus and equipment, materials, supplies, articles or personal property used in connection with or with the operation of the **Mortgaged Property** and **Collateral**;

    (iv) All the rent, royalties, issues, revenues, income, profits and other benefits of the **Mortgaged Property** and **Collateral** and the facilities thereon under present or future contracts, occupancy agreements, agreements for

2

Detroit_869141_1

reimbursement, or otherwise, together with all accounts due or to become due as income in connection with the operations of the **Mortgaged Property** and **Collateral** ("the Rents") all as more fully described in the **Mortgages** and **Security Agreements** attached to plaintiff's verified complaint;

(v) To the full extent transferable under applicable law, all permits, licenses and other contracts pertaining to the **Mortgaged Property** and **Collateral** and the operations of the **Mortgaged Property** and **Collateral**;

(vi) All books, records, accounts or documents which in any way relate to the **Mortgaged Property** and **Collateral**, the Rents, or the operations of the **Mortgaged Property** and **Collateral**, and copies of all documents defendants are legally obligated to retain (the "Books and Records");

(vii) All personal property of defendants Oakland Restoration Services, LLC, Georgia Evans, LLC, Georgia CIH, LLC, Checker Restoration Services, L.L.C., CIH Real Estate Holdings, LLC, Wesch Cleaners, Inc., CIH United, Inc., and United Garment Restoration Management, LLC described in the **Security Agreements** and **Mortgages**, including, without limitation, the following: accounts, accounts receivable, documents, chattel paper, instruments, contract rights, general intangibles, inventory, goods, merchandise, materials, supplies, work-in-progress, equipment, furniture, fixtures, machinery, investment property, deposit accounts, letter-of-credit rights, supporting obligations and all proceeds and products of the foregoing, including, without limitation, any proceeds payable to defendants' arising from the license, lease, mortgage or sale of defendants'

3

real and personal property as well as defendant Herbert L. Harrison Trust's ("Harrison Trust") right, title and interest in certain security accounts maintained at Smith Barney ("Smith Barney"), a division of Citigroup Global Markets, Inc. (account nos. 597-29668-15 128 and 597-34141-19 128) (the "Smith Barney Accounts") and all of the Harrison Trust's goods, instruments, documents, policies and certificates of insurance, deposits, money, investment property or other property (except real property which is not a fixture) which is in plaintiff's possession or control (collectively "**Personal Property Collateral**"); and

(viii) All other property, estate, right, title and interest as described in the **Mortgages**, **Security Agreements**, and the other Loan Documents attached to and referred to in plaintiffs' verified complaint.

2. The Receiver is entitled to immediate possession of the **Personal Property Collateral** and the defendants and any other persons who have possession or control of the **Personal Property Collateral** are ordered to deliver such **Personal Property Collateral** to the Receiver, provided, however, with the consent of Comerica, the receiver appointed over the assets of Wesch Cleaners, Inc. and CIH United, Inc. (the "OAR for Wesch and CIH United") on August 29, 2008, in the case of *John Harris v. Craig I. Hecker, Wesch Cleaners, Inc. and CIH United, Inc.,* Oakland Circuit Court Case No. 08-093217-CB, will continue to manage the assets of those two defendants with the oversight of the Receiver appointed by this Court pending further order of this Court, at which point, the receiver appointed by the state court shall immediately surrender the affected assets to the Receiver under and in accordance with this Order, and shall provide a full and complete accounting to the Receiver. The Receiver may apply, on an ex-parte basis (with notice to Comerica and John Harris), for assistance in enforcing

4

Detroit_869141_1

this order, including, but not limited to an order directing the sheriff, United States Marshall, and/or court officer to seize the property and deliver it to the Receiver. Nothing in this Order shall impair the exercise by plaintiff of its rights as secured creditor of defendants including the rights of plaintiff to receive and apply all cash collateral or other proceeds of Collateral or the Mortgaged Property which may be or may come into plaintiff's possession or control. Without limitation, plaintiff may at any time in its discretion exercise its rights as secured creditor in and to the Smith Barney Accounts, and nothing in this Order shall impair or affect Smith Barney's obligations to plaintiff including the obligations to deliver the proceeds of the Smith Barney Accounts to plaintiff if not already delivered to the Receiver.

3. Defendants and their officers, directors, employees, trustees, agents, representatives, and/or any entity controlled by defendants are directed to cooperate with the Receiver in the transition of the management of the **Mortgaged Property** and **Collateral** and shall make immediately available to the Receiver all of their records concerning the **Mortgaged Property** and **Collateral** so that the Receiver may adequately account for any revenue collected or owing through the date the Receiver is appointed, including, but not limited to, all:

    (i)    Leases including communication/correspondence and the files;

    (ii)    A current accounts receivable and accounts payable agings and an inventory report;

    (iii)    Documents identifying and summarizing all pending litigation;

    (iv)    All operating licenses;

    (v)    All existing service contracts;

    (vi)    All pending bids for contractor work;

    (vii)    Copies of all on site employee payroll records and employee files and applications to include number or employees on health or dental program

by coverage (single, single plus, or family coverage), gender and age of each employee;

(viii) All documents, books, records and computer files and records concerning the rents, profits, finances, issues, and operation and management of the **Mortgaged Property** and **Collateral**, including without limitation all Books and Records; and

(ix) Such other records pertaining to the management of the **Mortgaged Property** and **Collateral** as may be reasonably requested by the Receiver.

4. The release of employee payroll records and files is authorized by this Order.

5. Subject to the OAR for Wesch and CIH United, Defendants and any other persons or entities (other than plaintiff) receiving notice of this Order shall also surrender to the Receiver all monies that they currently or later possess (and/or that is or becomes subject to their control) from revenue, profits, rents and/or income collected from the operation of the **Mortgaged Property** and **Collateral**.

6. Subject to the OAR for Wesch and CIH United, immediately upon entry of this Order and continuing until expiration or termination of the receivership, the Receiver is authorized to take any actions the Receiver deems reasonable and appropriate to take possession of, to exercise full control over, and to prevent waste and to preserve, manage, maintain, secure and safeguard, and with plaintiff's written consent, sell and liquidate the **Mortgaged Property** and **Collateral**, including, but not limited to, the Personal Property Collateral, all cash on hand, bank accounts, credit card receipts, bank deposits, other cash collateral as well as all **Mortgaged Property** and **Collateral**, and take such other actions as may be necessary and appropriate to take possession, to exercise full control, to prevent waste and to preserve, secure and safeguard the receivership property, including taking possession of and copying: all books, records, notes,

memoranda, loan documents, deeds, bills of sale, canceled checks, check ledgers, calendar notes, diary notes, notes, records, ledgers, electronically stored data, tape recordings, computer discs, or any other financial documents or financial information in whatever form belonging to defendants that relate in any way to the defendants' business practices or finances or the **Mortgaged Property** and **Collateral**. Subject to the OAR for Wesch and CIH United, without limiting the generality of the foregoing, the Receiver shall:

(i) Take all action determined by the Receiver to be necessary or appropriate to safeguard and preserve all tangible and intangible assets of the **Mortgaged Property** and **Collateral** and all licenses used in connection with the operation of the **Mortgaged Property** and **Collateral**;

(ii) Collect all revenues, profits, income, rents, and issues from **the Mortgaged Property** and **Collateral**;

(iii) Allow the plaintiff and its counsel access at reasonable times to inspect the **Mortgaged Property** and **Collateral** and all books and records thereof;

(iv) Collect any unpaid or delinquent accounts receivable;

(v) Enforce termination or approve any contracts and/or agreements regarding the **Mortgaged Property** and **Collateral**, subject to plaintiff's approval;

(vi) Retain, hire, or discharge on-site employees; and

(vii) Manage, maintain, and operate the **Mortgaged Property** and **Collateral**, including without limitation, the payment from funds received as Receiver of all of the following (collectively the "Operating Expenses"): (i) all

ordinary and necessary expenses arising from the operation by the Receiver of the **Mortgaged Property** and **Collateral** for the period after entry of this Order until expiration or termination of the receivership; (ii) all real estate and personal property taxes and assessments now due or delinquent together with interest and penalties thereon or real estate and personal property taxes to become due prior to the sale of the **Mortgaged Property** or the Personal Property Collateral or the expiration of the equity of redemption from any foreclosure of the mortgages on the **Mortgaged Property**; (iii) all premiums of hazard, liability and other insurance policies upon the **Mortgaged Property** for term of the receivership; and (iv) reasonable reserves to fund liquidating expenses during the term of the receivership; and

(viii) In addition to the other powers and authority granted in this Order, the Receiver, after obtaining plaintiff's prior written consent, and after notice to Harris and Comerica and opportunity to be heard, shall have the full authority and power to sell the **Mortgaged Property** and **Collateral,** including the Personal Property Collateral.

7. Subject to the OAR for Wesch and CIH United, the Receiver shall receive reasonable compensation for its services, payable from the funds collected from operation of the **Mortgaged Property** and **Collateral**. The Receiver shall pay to plaintiff on a monthly basis the net revenues after payment of Operating Expenses.

8. Defendants and third-parties receiving notice of this Order shall reasonably cooperate with the Receiver in obtaining all insurance relating to the **Mortgaged Property** and

**Collateral**, including but not limited to fire, extended coverage, property damage, general and professional liability, and workers' compensation. The Receiver and plaintiff shall be named as additional insureds on all such liability policies and as mortgagee or as their interests otherwise appear on all such casualty policies.

9. Subject to the OAR for Wesch and CIH United, should the Receiver not have sufficient funds to pay all of the Operating Expenses for the **Mortgaged Property** and **Collateral**, including professional fees of the Receiver and the Receiver's counsel, if any, plaintiff may, in its sole discretion (without being under any obligation to do so), advance its own funds to pay such Operating Expenses as plaintiff may elect to pay. The repayment of all such funds advanced by plaintiff shall be secured by the **Mortgages** and **Security Agreements,** added to any judgment entered in this action or any other action, and payable thereunder and, if such funds are advanced by plaintiff subsequent to plaintiff's mortgage foreclosure sale, such amounts advanced may be added to plaintiff's credit bid as and to the extent permitted by applicable law.

10. Neither plaintiff nor the Receiver shall be liable for any claim, obligation, liability, action, cause of action, cost or expense of defendants or the **Collateral** or the **Mortgaged Property** arising out of or relating to events or circumstances occurring prior to this Order, including without limitation, any contingent or unliquidated obligations and any liability from the performance of services rendered by third parties on behalf of defendants, and any liability to which any defendant is currently or may ultimately be exposed under any applicable laws pertaining to the ownership, use or operation of the **Collateral** or the **Mortgaged Property** and operation of defendants' businesses (collectively all of the foregoing is referred to as "Pre-Receivership Liabilities"). Neither the plaintiff nor the Receiver shall be obligated to advance any funds to pay any Pre-Receivership Liabilities. Subject to the OAR for Wesch and CIH

9

United, notwithstanding the foregoing, with the prior written consent of plaintiff (but not otherwise), Receiver may fund Pre-Receivership Liabilities from funds collected from operation of the **Collateral** or the **Mortgaged Property**.

11. The Receiver shall file with this Court and serve on the parties who have filed appearances a monthly accounting of all receipts and disbursements concerning the performance of its duties under this Order, and a final accounting within 30 days after termination of the receivership.

12. The Receiver shall have the power to enter into, modify, extend, terminate and/or enforce any leases in connection with the **Mortgaged Property** and **Collateral** in the ordinary course of business; provided, however, in so doing the Receiver shall not concede, settle, compromise or pay any Pre-Receivership Liabilities

13. Subject to the OAR for Wesch and CIH United, should the net proceeds of any mortgage foreclosure sale of the **Mortgaged Property** be insufficient to pay in full the indebtedness of defendants to plaintiff, any excess of rents, income and profits after payment of operating expenses shall be paid on a monthly basis (including during any redemption period) to plaintiff to be applied to such deficiency. If there is no deficiency or if there remains an excess of proceeds after payment in full of any deficiency, the remaining excess shall be paid under further order of this Court.

14. The Receiver and its employees, agents, and attorneys shall have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their gross negligence, gross or willful misconduct, malicious acts and/or the failure to comply with this Court's orders.

15. Subject to the OAR for Wesch and CIH United, the Receiver is authorized, in its discretion, to operate the **Mortgaged Property** and **Collateral**, including the Personal Property

Collateral under any and all existing agreements that are currently in place between the defendants and any third-party.

16. Subject to the OAR for Wesch and CIH United, this Court shall retain jurisdiction over this action, the **Mortgaged Property** and Collateral, and the parties for the purpose of giving such other relief upon proper showing as is consistent with this Order and substantial justice.

17. Subject to the OAR for Wesch and CIH United, until further Order of this Court, defendants, their agents and employees, and all other persons with notice of this Order (other than plaintiff and Receiver), are restrained and enjoined from directly or indirectly transferring, encumbering, removing, expending, distributing, concealing, destroying, mutilating, damaging, erasing, altering, disposing of or otherwise diminishing or causing harm to any of the **Mortgaged Property** and **Collateral**, or any part of the **Mortgaged Property** and **Collateral**, all fixtures, machinery, equipment, engines, boilers, incinerators, building materials, appliances, and goods of every nature, and all articles of personal property located in, or on, or used, or intended to be used in connection with the **Mortgaged Property** and **Collateral**, all proceeds from the operations of the **Mortgaged Property** and **Collateral**, including all revenue, income and profits, and all documents relating in any way to the defendants' business practices or finances or the **Mortgaged Property** and **Collateral**.  The Receiver shall post a nominal bond.

18. Subject to the OAR for Wesch and CIH United, except by leave of this Court and except with respect to plaintiff's right to foreclose its mortgages and/or enforce its security interests on the **Personal Property Collateral** and other **Mortgaged Property** and **Collateral**, during the pendency of the receivership, defendants, and all other persons except John Harris, creditors and entities are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of defendants, the Receiver, receivership

11

Detroit_869141_1

assets, or the Receiver's duly authorized agent acting in their capacities as such, including but not limited to, the following actions:

    (i)    Commencing, prosecuting, litigating or enforcing suit, except that the actions may be filed to toll any applicable statute of limitations;

    (ii)    Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of defendants that relates in any way to the **Mortgaged Property** and **Collateral** attempting to foreclose, forfeit, alter or terminate any of defendants' interest in the **Mortgaged Property** and **Collateral**, whether such acts are part of a judicial proceeding or otherwise;

    (iii)    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any of the **Mortgaged Property** and **Collateral**;

    (iv)    Doing any act or thing to interfere with the Receiver taking control, possession or management of the property subject to the receivership, or to in any way interfere with the Receiver or the duties of the Receiver; or to interfere with the exclusive jurisdiction of this Court over the **Mortgage Property** and **Collateral**.

This paragraph does not stay the commencement or continuation of an action or proceeding by a

governmental unit to enforce such governmental unit's police or regulatory power.

19. The Court finds that the plaintiff and the Receiver are not liable under and have not violated any federal, state or local statute, ordinance, rule, regulation, or any ruling or decision of any court or administrative agency or common law with respect to any "Environmental Condition" present at, released to, at or from, migrating to or from or stemming from the **Mortgaged Property and Collateral**. "Environmental Condition" shall include the presence, release, discharge, dispersal, storage, treatment, disposal, manufacture, distribution or sale of any "Hazardous Substance". "Hazardous Substance" shall mean any substance, compound, material or waste that is determined to be hazardous, toxic, dangerous or otherwise harmful to human health, plant or animal life or the environment. Without limiting the generality of the foregoing, the court specifically finds that the plaintiff and the Receiver are engaged in permissible "workout " activities under MCL 324.20101a, or similar activities under any analogous state or federal law, and that neither is an "owner or operator) or other potentially liable person with respect to the **Mortgaged Property and Collateral** under the federal Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. 9601, et seq, (CERCLA), the Michigan Natural Resources and Environmental Protection Act, as amended, MCL 324.101, et seq (NREPA), or any other state or local law which imposes clean up or remediation liability on a person who owns or operates property**.**

                                                  s/PATRICK J. DUGGAN
                                                  United States District Court Judge

Dated: September 5, 2008

Approved For Entry:
    /s/
Dennis J. Levasseur (P39778)
Attorney for Comerica Bank

    /s/
H. Nathan Resnick (P42424)
Attorney for John Harris